UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

MATTEL, INC.,                                          :

                Plaintiff,     :

     - against -                                  :        18 Civ. 8190

KIDS VIP, DANYMAX INC., and                :
VICTORIA FINKEL,
                                                :
                Defendants.
                                                :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

COMPLAINT AND JURY DEMAND

Plaintiff Mattel, Inc. ("Mattel"), for its complaint against Kids VIP, Danymax Inc. ("Danymax"), and Victoria Finkel ("Finkel") (collectively "Defendants"), alleges:

Nature of the Action

1. Mattel is bringing this action because Defendants have infringed Mattel's rights under federal law in the trademark POWER WHEELS®.

Jurisdiction and Venue

2. The Court has subject matter jurisdiction over the claims in this action pursuant to 28 U.S.C. §§ 1331 and 1338 because those claims arise under the laws of the United States.

3. Venue in this Court is proper under 28 U.S.C. § 1391(b) because a substantial part of the events and omissions giving rise to the claims occurred in this District.

4. The Court has personal jurisdiction over the Defendants pursuant to New York CPLR § 302(a)(1) because they have contracted to supply goods in this State, or shipped goods into this State, from which the present claims arise.

### The Parties to this Action

5. Mattel is a corporation organized and existing under the laws of the State of Delaware with its principal place of business in El Segundo, California.

6. Upon information and belief, Kids VIP is a business entity organized and existing under the laws of Florida, with its principal place of business in Hallandale, Florida.

7. Upon information and belief, Danymax is a corporation organized and existing under the laws of Florida, with its principal place of business in Hallandale, Florida.

8. Upon information and belief, Victoria Finkel is a natural person residing in Hallandale, Florida, and is the alter ego of Danymax and or Kids VIP.

### Background of this Action

A. Mattel's Ownership of the POWER WHEELS® Mark

9. Mattel and its family of companies manufactures consumer products and is one of the world's most successful independent manufacturers and marketers of toys, games, and playthings.

10. Mattel manufactures, among other things, ride-on toy vehicles, which it advertises and distributes using the mark POWER WHEELS®.

11. The POWER WHEELS® mark was registered on the Principal Register of the U.S. Patent & Trademark Office ("PTO"), as U.S. Trademark Registration No. 1,374,017, No. 1,671,657, No. 2,043,428 and No. 5,504,969 (collectively the "POWER WHEELS® Registrations"), for "children's ride-on toy vehicles." The POWER WHEELS® Registrations are valid and subsisting. Mattel owns the POWER WHEELS® Registrations. A true and correct copy of the POWER WHEELS® Registrations are attached as Exhibits A, B, C and D.

12. Upon information and belief, the POWER WHEELS® mark is famous throughout the United States, and the general public recognizes the POWER WHEELS® mark as indicating Mattel as the source of the products.

13. Upon information and belief, the general public associates Mattel's POWER WHEELS® mark with high quality, distinguishing Mattel's products from those of its competitors.

B.   Defendants' Infringing Activities

14. Upon information and belief, Defendants are engaged in the sale and distribution of, *inter alia*, children's ride-on toy vehicles.

15. Defendants have used "POWER WHEELS" as a mark in commerce to advertise non-Mattel children's ride-on toy vehicles on e-commerce websites.

16. Mattel has not licensed, or otherwise authorized, Defendants to use Mattel's POWER WHEELS® mark.

17. Upon information and belief, Defendants' infringement of POWER WHEELS® was intentional and willful.

A FIRST CLAIM FOR RELIEF
(Trademark Infringement Under 15 U.S.C. § 1114(1)(a))

18. Mattel incorporates by reference the allegations contained in paragraphs 1-17 as if fully stated herein.

19. The POWER WHEELS® mark is valid and enforceable.

20. The POWER WHEELS® Registrations are valid and enforceable.

21. Mattel did not consent to Defendants' use of "POWER WHEELS," in connection with the sale of its children's ride-on toy vehicles or otherwise.

22. Defendants' use of "POWER WHEELS" in connection with the sale of their children's ride-on toy vehicles is identical to the POWER WHEELS® mark.

23. Defendants' use in commerce of the mark "POWER WHEELS" for children's ride-on toy vehicles is likely to cause confusion as to the source or sponsorship of Defendants' products, and to deceive purchasers as to the affiliation, connection, or association of Mattel with those products.

24. Upon information and belief, at the time Defendants began using "POWER WHEELS," Defendants knew of (i) Mattel's ownership of the POWER WHEELS® mark, (ii) the fame of the POWER WHEELS® mark, and (iii) the valuable goodwill and reputation of the POWER WHEELS® mark.

25. Defendants' acts constitute an infringement of Mattel's POWER WHEELS® mark in violation of the Lanham Act, 15 U.S.C. § 1114(1)(a).

26. As a direct and proximate result of Defendants' infringing acts, Mattel has suffered and will continue to suffer damage to its business reputation and goodwill. Defendants will continue, unless restrained, to use "POWER WHEELS," and will cause irreparable damage to Mattel. Mattel has no adequate remedy at law. Mattel is entitled to an injunction, pursuant to 15 U.S.C. § 1116(a), restraining Defendants, their officers, agents, servants, employees and attorneys, and all persons acting in concert with any of them, from engaging in further acts of trademark infringement.

27. Mattel is further entitled to recover from Defendants the actual damages it sustained as a result of Defendants' infringing acts, and Defendants' profits from their infringing acts, pursuant to 15 U.S.C. § 1117(a), in an amount to be determined by the trier of fact.

28.     Because of the willful nature of Defendants' infringing acts, Mattel is entitled to an award of treble damages or treble profits under 15 U.S.C. § 1117(a).

29.     Mattel is also entitled to recover its attorneys' fees and costs of suit pursuant to 15 U.S.C. § 1117(a).

## A SECOND CLAIM FOR RELIEF
### (Trademark Counterfeiting Under 15 U.S.C. § 1114(1)(a))

30.     Mattel hereby incorporates by reference the allegations contained in paragraphs 1-29 as if fully stated herein.

31.     Defendants have infringed Mattel's POWER WHEELS® mark through the use of a counterfeit mark within the meaning of 15 U.S.C. §§ 1114(1)(a) and 1116(d)(1)(B).

32.     Defendants intentionally used a counterfeit of Mattel's POWER WHEELS® mark.

33.     As a result of Defendants' intentional use of a counterfeit of Mattel's POWER WHEELS® mark, Mattel is entitled pursuant to 15 U.S.C. § 1117(b) to recover treble its damages or treble Defendants' profits from the sale of their "POWER WHEELS" products.

34.     Alternatively, as a result of Defendants' intentional use of a counterfeit of Mattel's POWER WHEELS® mark, Mattel is entitled to statutory damages of not less than $1,000, but not more than $2,000,000 pursuant to 15 U.S.C. § 1117(c).

35.     Mattel is also entitled to recover its attorneys' fees and costs of suit pursuant to 15 U.S.C. § 1117(a).

## A THIRD CLAIM FOR RELIEF
### (False Designation of Origin Under 15 U.S.C. § 1125(a))

36.     Mattel hereby incorporates by reference the allegations contained in paragraphs 1-35 as if fully stated herein.

37. Defendants' actions with respect to their marketing and selling "POWER WHEELS" products constitute a false designation of origin in violation of 15 U.S.C. § 1125(a).

38. As a direct and proximate result of Defendants' wrongful acts, Mattel has suffered and continues to suffer damage to its business reputation and goodwill. Defendants will continue, unless restrained, to use the "POWER WHEELS" mark and will cause irreparable damage to Mattel. Mattel has no adequate remedy at law. Mattel is entitled to an injunction, pursuant to 15 U.S.C. § 1116(a), restraining Defendants, their officers, agents, servants, employees and attorneys, and all persons acting in concert with them, from engaging in further acts of false designation of origin.

39. Mattel is further entitled to recover from Defendants the actual damages it sustained as a result of Defendants' infringing acts, and Defendants' profits from their infringing acts, pursuant to 15 U.S.C. § 1117(a), in an amount to be determined by the trier of fact.

40. Because of the willful nature of Defendants' wrongful acts, Mattel is entitled to an award of treble damages or treble profits pursuant to 15 U.S.C. § 1117(a).

41. Mattel is also entitled to recover its attorneys' fees and costs of suit pursuant to 15 U.S.C. § 1117(a).

A FOURTH CLAIM FOR RELIEF
(Federal Trademark Dilution Under 15 U.S.C. § 1125(c))

42. Mattel hereby incorporates by reference the allegations contained in paragraphs 1-41 as if fully stated herein.

43. The POWER WHEELS® mark is inherently distinctive and has acquired distinction through long, continuous, and exclusive use for the POWER WHEELS® product and related items.

44. Mattel has promoted POWER WHEELS® products throughout the United States and worldwide under its POWER WHEELS® mark. As a result of such promotion and national recognition, Mattel's POWER WHEELS® mark has become recognized nationally and internationally as the goods of Mattel.

45. Mattel's POWER WHEELS® mark is famous within the meaning of 15 U.S.C. § 1125(c).

46. Defendants' activities in commerce were conducted with full recognition of Mattel's worldwide use of its POWER WHEELS® mark and commenced after the mark had become famous. Such activities have diluted, and will continue to dilute, the distinctive quality of Mattel's POWER WHEELS® mark by lessening the trademark's capacity to identify and distinguish Mattel's goods and by tarnishing the trademark in violation of 15 U.S.C. § 1125(c)(1).

47. As a direct and proximate result of Defendants' wrongful acts, Mattel has suffered and continues to suffer dilution of the distinctive quality and the tarnishing of the POWER WHEELS® mark. Defendants will continue, unless restrained, to use Mattel's POWER WHEELS® mark and will cause irreparable damage to Mattel. Mattel has no adequate remedy at law. Mattel is entitled to an injunction, under 15 U.S.C. §§ 1125(c)(1) and 1116(a), restraining Defendants, their officers, agents, servants, employees and attorneys, and all persons acting in concert with any of them, from engaging in further acts of dilution.

48. Mattel is further entitled to recover from Defendants the actual damages it sustained as a result of Defendants' infringing acts, and Defendants' profits from their infringing acts, pursuant to 15 U.S.C. § 1117(a), in an amount to be determined by the trier of fact.

49. Because of the willful nature of Defendants' wrongful acts, Mattel is entitled to an award of treble damages pursuant to 15 U.S.C. § 1117(a).

50. Mattel is also entitled to recover its attorneys' fees and costs of suit pursuant to 15 U.S.C. § 1117(a).

## PRAYER FOR RELIEF

WHEREFORE, Mattel demands judgment:

1. Finding that Defendants violated Mattel's trademark rights under 15 U.S.C. § 1114, 15 U.S.C. § 1125(a), and 15 U.S.C. § 1125(c)(1);

2. Enjoining Defendants, their officers, agents, servants, employees, and attorneys, and all persons in active concert or participation with any of them, preliminarily during the pendency of this action and permanently thereafter, from:

   a. Manufacturing, transporting, promoting, importing, advertising, publicizing, distributing, offering for sale, or selling any goods under Mattel's POWER WHEELS® mark, or any other mark, name, symbol, or logo that incorporates or is confusingly similar to Mattel's POWER WHEELS® mark;

   b. Falsely implying Mattel's endorsement of Defendants' goods or engaging in any act or series of acts which, either alone or in combination, constitutes unfair methods of competition with Mattel and from otherwise interfering with, or injuring, Mattel's POWER WHEELS® mark or the goodwill associated therewith;

   c. Engaging in any act which dilutes the distinctive quality of Mattel's POWER WHEELS® mark; and

   d. Selling any product in connection with a counterfeit of Mattel's POWER WHEELS® mark;

3. Granting Mattel damages against Defendants, including treble and/or statutory damages, according to proof at the time of trial;

4. Ordering that Defendants account to Mattel for any and all profits earned as a result of Defendants' aforesaid acts of infringement in violation of Mattel's rights under the Lanham Act;

5. Granting an award of treble damages or treble profits pursuant to 15 U.S.C. § 1117 for Defendants' infringement of Mattel's POWER WHEELS® mark;

6. Granting Mattel its costs, expenses, and reasonable attorney's fees;

7. Granting Mattel pre-judgement interest; and

8. Granting Mattel such other and further relief as is just and proper.

DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Mattel hereby demands a trial by jury of all issues in this action that are so triable.

Dated: New York, New York
September 7, 2018

                                  DUNNEGAN & SCILEPPI LLC

                                  By *s/William Dunnegan*
                                    William Dunnegan (WD9316)
                                    wd@dunnegan.com
                                    Andrew Chung (AC1988)
                                    ac@dunnegan.com
                                Attorneys for Plaintiff
                                    Mattel, Inc.
                                350 Fifth Avenue
                                New York, New York 10118
                                (212) 332-8300